J-S45021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSE LOPEZ | |
| Appellant | No. 3487 EDA 2015 |

Appeal from the PCRA Order October 14, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012713-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 31, 2017**

Appellant, Jose Lopez, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. Lopez alleges that he was entitled to an evidentiary hearing, and ultimately a new trial, due to trial counsel's ineffectiveness and the Commonwealth's alleged **Brady**[1] violation. After careful review, we conclude that none of Lopez's claims have merit, and therefore affirm.

For a recitation of the complete factual background and the procedural history of this case, we refer the reader to this Court's opinion in **Commonwealth v. Lopez**, 57 A.3d 74 (Pa. Super. 2012). Briefly, at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Brady v. Maryland**, 373 U.S. 83 (1963)

approximately 4:00 a.m. on December 2, 2008, Maurice Robinson was shot in the left thigh on the corner of Fifth and York Streets in Philadelphia. Robinson recognized his shooter as a fellow heroin dealer, but did not know him by name. After contacting the police and viewing a photographic array, Robinson identified Lopez as his shooter.

Robinson informed the police that Lopez had fled into a residence at 2311 North Fifth Street after the shooting. Police officers obtained a warrant to search the residence and discovered mail addressed to one of Lopez's known aliases and a box of .25 caliber, PMC brand ammunition. This ammunition matched two of the three cartridge casings found at the scene of the shooting.[2]

Lopez's trial commenced in December 2010. Following a jury trial,[3] Lopez was convicted of Aggravated Assault, Possessing an Instrument of Crime, Persons Not to Possess, Use, Manufacture, Control, Sell, or Transfer Firearms, Firearms Not to be Carried without a License and Carrying a

_____

[2] In his reply brief, Lopez criticizes the Commonwealth's recitation of facts and insinuates that a Commonwealth witness blatantly lied at trial about the shell casings recovered matching the ammunition found at 2311 North Fifth Street. **See** Appellant's Reply Brief, at 3. However, this contention was not raised on direct appeal, or in his PCRA petition, and further, is not supported by the record. **See** N.T., Trial, 12/13/10, at 68-70; **see also Lopez**, 57 A.3d at 77.

[3] Lopez waived his right to a jury trial on Persons Not to Possess, Use, Manufacture, Control, Sell, or Transfer Firearms and was separately convicted of this offense by the trial court.

Firearm on Public Streets or Public Property in Philadelphia.[4] He was sentenced to an aggregate term of 12½ to 25 years' incarceration. After requesting and receiving the appointment of a different appellate attorney, Lopez filed a timely direct appeal to this Court. Therein, Lopez challenged the sufficiency of the evidence underlying his convictions, the admission of hearsay testimony, the admission of Jamie Eisenhuth's testimony, and the trial court's denial of a mistrial request. We affirmed Lopez's judgment of sentence. On January 3, 2013, our Supreme Court denied Lopez's petition for allowance of appeal. Lopez did not file a petition for writ of *certiorari* to the United States Supreme Court.

Lopez filed a timely PCRA petition. Subsequently, Lopez filed a motion requesting the Commonwealth turn over the surveillance videotape from Happy Garden Restaurant, a restaurant located near the crime scene, pursuant to the dictates of **Brady**. The PCRA court held a hearing on this motion on March 16, 2015, following which the Commonwealth represented that it was unable to find the alleged surveillance videotape.

The PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing, as it found Lopez's petition meritless. Lopez filed a response, but the trial court ultimately dismissed the petition. Lopez filed a timely notice of appeal. On February 3, 2016, Lopez filed a motion to

---

[4] 18 Pa.C.S.A. §§ 2702(a), 907(a), 6105, 6106, and 6108, respectively.

remand the PCRA matter to the PCRA court, or to alternatively, enlarge the record on appeal. Through this motion, Lopez claimed that he discovered a notation in an affidavit of probable cause, received in discovery, that indicated a surveillance video had been recovered from Happy Garden Restaurant in relation to the investigation. Lopez's motion was denied, without prejudice to his right to raise the issue in his appellate brief.

On appeal, Lopez contends that the PCRA court erred by dismissing his PCRA petition without an evidentiary hearing. *See* Appellant's Brief, at 2 ¶ IV. To support this claim, Lopez alleges that trial counsel was ineffective for failing to "conduct a reasonable pretrial investigation,"[5] failing to "request a limiting instruction to eliminate the probability that the jury would misuse evidence of prior bad acts," and failing to "request an instruction on malice." Appellant's Brief, at 1-2 ¶¶ I-II. Further, Lopez raises a *Brady* claim in which he alleges that the Commonwealth suppressed an exculpatory surveillance video. *See* Appellant's Brief at 2 ¶ III. Lopez claims these issues would have proved meritorious, resulting in the grant of a new trial, if he was allowed to proceed to an evidentiary hearing. *See* Appellant's Brief, at 2 ¶ IV.

_____

[5] Through this claim, Lopez asserts that trial counsel was ineffective for failing to interview and present Jamie Eisenhuth as an alibi witness and for failing to subpoena the surveillance tape from Happy Garden Restaurant. *See* Appellant's Brief, at 30-42.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

The right to an evidentiary hearing on a post-conviction petition is not absolute. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. **See id**. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting a hearing. **See Commonwealth v. Hardcastle**, 701 A.2d 541, 542-543 (Pa. 1997).

Prior to reaching the merits of Lopez's arguments, we must first determine whether he has preserved his issues for our review. Through his third issue on appeal, Lopez claims that the Commonwealth violated the dictates of **Brady** by suppressing an exculpatory surveillance video. **See**

Appellant's Brief, at 2 ¶ III. He does not raise this claim in the context of an allegation of the ineffective assistance of counsel. The Commonwealth argues that this claim is meritless, as Lopez has failed to prove that such a video even exists. *See* Commonwealth's Brief, at 18-19. We conclude Lopez has failed to preserve the issue for our review.

In order to prevail on a PCRA petition, a PCRA petitioner is required to show that his alleged claims of error have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An issue is considered waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Here, Lopez's own appellate brief proves fatal to his argument. Lopez's alleged proof that a surveillance video exists is the affidavit of probable cause, which Lopez clearly admits to receiving as a part of pre-trial discovery. *See* Appellant's Brief, at 6. Even though Lopez was in receipt of this allegedly definitive proof that the Commonwealth had committed a ***Brady*** violation prior to trial, Lopez failed to raise this claim on direct appeal. Therefore, he cannot raise it now on collateral review; it is waived. ***See Commonwealth v. Cousar***, 154 A.3d 287, 301-302 (Pa. 2017) (finding appellant's PCRA ***Brady*** claim waived as defendant could have presented the claim in a post-sentence motion and on direct appeal).

Through his preserved issues on appeal, Lopez asserts ineffectiveness of trial counsel. *See* Appellant's Brief, at 1-2 ¶¶ I-III, 19-42. Counsel is

- 6 -

presumed effective; thus, an appellant has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further:

> [An a]ppellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the … reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the … prejudice prong, [an a]ppellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (citations and quotation marks omitted). A failure to satisfy any prong of the test will require rejection of the claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

Additionally, in "ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Bauhammers*, 92 A.3d 708, 726-727 (Pa. 2014) (citation omitted).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citation omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted). We review a PCRA court's decision to deny a claim without a hearing for an abuse of discretion.

We first address Lopez's claim that trial counsel was ineffective for failing to request a limiting instruction following the Commonwealth's introduction of evidence that Lopez was a heroin dealer. **See** Appellant's Brief, at 1-2 ¶ I, 19-30. Lopez asserts that trial counsel did not have a reasonable basis for failing to request the limiting instruction and that trial counsel's failure to request the instruction prejudiced him because the Commonwealth's case was otherwise weak. **See id**., at 27-30. However, the Commonwealth asserts that the PCRA court properly denied these claims without holding an evidentiary hearing as Lopez failed to properly support these claims with evidentiary support of trial counsel's strategy. **See** Commonwealth's Brief, at 8-11. In response, Lopez contends that if his PCRA petition was deficient, Pennsylvania Rule of Criminal Procedure 905(B)

required the PCRA court to notify Lopez of the deficiency and grant him the opportunity to amend the petition. **See** Appellant's Reply Brief, at 11-12.

In situations where evidence of a defendant's prior bad acts is admitted, a defendant is entitled to a jury instruction explaining that the evidence is only to be considered for a limited purpose. **See**

**Commonwealth v. Hutchinson**, 811 A.2d 556, 561 (Pa. 2002).

Recently, our Supreme Court examined the necessary allegations of the unreasonableness of counsel's actions that a petitioner must set forth in their PCRA petition in order to merit an evidentiary hearing. In **Cousar**, the Court noted that

> PCRA hearings are not discovery expeditions, but are conducted when necessary to offer the petitioner an opportunity to prove his explicit assertion of ineffectiveness raising a colorable claim about which there remains an issue of material fact. Particularly when PCRA claims require examination of trial strategy, it is not enough to take a cold record, state alternative choices counsel could have made, and then declare an entitlement to relief. Mere conclusory allegations, without some proffer as to what counsel would say in response to the allegations are insufficient to establish entitlement to relief. Thus a supporting document from counsel stating his reasons for the course chosen is generally necessary to establish potential entitlement for a hearing. **See** [] Pa.R.Crim.P. 902(A)(12)(b) (PCRA petition shall contain facts supporting each ground for relief; if supporting facts do not appear of record "affidavits, documents and other evidence showing such facts" to be identified).

154 A.3d at 299-300 (some internal citations omitted).

While the Court in **Cousar** recognized that the failure to include this supporting document may be overlooked in situations where an appellant adequately explains why he did not submit the information, it concluded that

it is proper to decline to consider an appellant's argument where they offer neither the documentation or an explanation. **See id**., at 300 (citing **Commonwealth v. Marshall**, 812 A.2d 539, 547-548 (Pa. 2002) (significant factor in finding appellant did not establish prior counsel had no reasonable basis for inaction was appellant's failure to provide affidavit, or explanation as to why he was unable to procure affidavit)). Ultimately, the **Cousar** court determined that the appellant's use of hindsight analysis and conclusory argument to support the claim that trial counsel could not have had a reasonable basis for failing to request a limiting instruction failed to merit relief, or even an evidentiary hearing. **See id**., at 304.

We recognize that Rule 905(B) requires a PCRA court to order amendment of a defective PCRA petition. **See** Pa.R.Crim.P. 905(B). Further, this Court has declined to dismiss claims of ineffective assistance of counsel due to deficiencies in witness certifications where the PCRA court failed to notify the appellant of the deficiencies and granted the opportunity to amend the petition on remand. **See**, **e.g.**, **Commonwealth v. Lippert**, 85 A.3d 1095, 1098 (Pa. Super. 2014). However, the PCRA court here did not dismiss Lopez's claims due solely to a deficiency in witness certifications, but due to the deficiency in support for his claims that trial counsel was unreasonable for failing to request this instruction and that he suffered

prejudice as a result. **See** PCRA Court Opinion, 2/18/16, at 9.[6] We find that this difference is enough to explain the differing outcomes. Additionally, in the event of any conflict between the interpretation of law as set forth by our Court and the rules set forth by our Supreme Court, we must follow the dictates of our Supreme Court. **See Commonwealth v. Simmons**, 565 A.2d 481, 484 (Pa. 1989) (the formal purpose of the Pennsylvania Superior Court "is to maintain and effectuate the decisional law of the Supreme Court of Pennsylvania as faithfully as possible").

Thus, because here, as in **Cousar**, Lopez relies upon only hindsight analysis and conclusory argument to support his claim that trial counsel did not have a reasonable basis for failing to request an instruction, we find that his failure to even attempt to obtain supporting documentation from trial counsel proves fatal to his claim. **See id**., at 304 (observing "[i]neffectiveness cannot be based on a hindsight analysis").

In his next claim, Lopez argues that trial counsel unreasonably failed to request a jury instruction on malice, as it is a necessary element of

---

[6] The PCRA court also posited that trial counsel chose a reasonable strategy in not requesting the limiting instruction "so as not to bring the testimony back to the jury's attention." PCRA Court Opinion, 2/18/16, at 9. This, however, is pure speculation. Without an evidentiary hearing, the PCRA court was not in a position to assess the reasonableness of trial counsel's strategy, if there even was such a strategy. **See Cousar**, 154 A.3d at 299 (noting the "preference for an evidentiary hearing on the reasonableness of counsel's actions or inactions respecting a claim of ineffectiveness prior to a determination that counsel's actions were, in fact, reasonable").

aggravated assault. **See** Appellant's Brief, at 3 ¶ II, 41-42. The Commonwealth responds that the charge as given was proper and asserts that Lopez's claim fails on that basis. **See** Commonwealth's Brief, at 16. We agree with the Commonwealth that his claim lacked arguable merit. Lopez requests an utterly irrelevant instruction.

A trial court may instruct the jury on an offense only where "the offense has been made an issue in the case and where the trial evidence reasonably would support such a verdict." **Commonwealth v. Browdie**, 671 A.2d 668, 674 (Pa. 1996) (citations omitted). Thus, a claim alleging trial counsel's ineffectiveness for failing to request a particular jury instruction lacks arguable merit where the appellant was not legally entitled to the instruction in the first place. **See Commonwealth v. Busanet**, 54 A.3d 35, 52 (Pa. 2012).

At trial, neither the Commonwealth nor Lopez offered evidence that would support the conclusion that Robinson suffered serious bodily injury. **See** Appellant's Brief, at 41-42; Commonwealth's Brief, at 16-17. Therefore, the *only* portion of the offense that could properly be presented to the jury concerned an attempt to cause serious bodily injury. **See** 18 Pa.C.S.A. § 2702(a)(1). Under this portion of the statute, an attempt requires a showing of an act accompanied by a specific intent to inflict serious bodily injury. **See Commonwealth .v Matthew**, 909 A.2d 1254, 1257 (Pa. 2006). There is no requirement that malice be shown. Thus, it would not have been proper for

the trial court to give this instruction. We cannot find trial counsel ineffective for failing to request an irrelevant instruction.

Through his last ineffectiveness argument, Lopez alleges that trial counsel was ineffective for failing to conduct a reasonable pretrial investigation. *See* Appellant's Brief, at 35-41. Lopez points to two pretrial actions by trial counsel that he alleges amount to ineffectiveness: (1) trial counsel's failure to investigate and call Jamie Eisenhuth as an alibi witness; and (2) trial counsel's failure to subpoena the surveillance tape from Happy Garden Restaurant. *See id*.

Lopez contends that Eisenhuth's testimony would have provided Lopez with an alibi, that no reasonable attorney would have failed to investigate Eisenhuth, and that if his attorney hadn't failed to conduct this investigation, there was a reasonable probability of a different outcome. *See id*., at 36.

Lopez has failed to include information concerning Eisenhuth's "availability to testify, as well as an adequate assertion that the substance of the purported testimony would make a difference in the case." *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (citation omitted). Additionally, Lopez does not indicate if trial counsel knew of Eisenhuth, and if so, counsel's reasoning for failing to investigate or call her as an alibi witness. Thus, once again, Lopez's lack of specify provides fatal to his ineffectiveness claim.

Lastly, Lopez contends that trial counsel was ineffective for failing to subpoena the surveillance videotape from Happy Garden Restaurant. *See* Appellant's Brief, at 37. Lopez has failed to show prejudice.

Despite Lopez's contentions and numerous filings to the opposite, he has failed to establish a reasonable probability that, but for counsel's failure to subpoena the videotape, there is a reasonable probability the result of the proceedings would have been different. First, there is no proof of record that a surveillance videotape of the exterior of Happy Garden Restaurant ever existed. Lopez's only evidence to the contrary is a police photograph, which "suggest[ed] that a surveillance camera was installed on the restaurant with a view of the location of the shooting," and an affidavit of probable cause stating that police retrieved a surveillance videotape from the premises. Appellant's Motion for Discovery, 3/16/15.

However, the police photograph, which is in the certified record, does not clearly show a surveillance camera and Lopez alleged no other facts that would permit an inference that an exterior surveillance camera existed. Further, through his appellate brief, Appellant utterly fails to demonstrate how the introduction of the surveillance videotape would change the result of his proceedings. *See* Appellant's Brief, at 41. Thus, Lopez's final claim of ineffectiveness is meritless. Further, as we do not find that Lopez presented any issues of merit, we find that the PCRA court properly dismissed Lopez's petition without a hearing.

Order affirmed.

President Judge Gantman joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017